PACIFIC NATIONAL FIRE INSURANCE CO., peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE MAYAGÜEZ, HON. ÁNGEL FIOL NEGRÓN, JUEZ, demandado.

Número 2111.

*Sometido:* 3 de noviembre de 1954. *Resuelto:* 30 de junio de 1955.

*Pedro Nelson Colberg,* abogado del peticionario; *Felipe Marchand González,* abogado del demandante en el pleito principal

*PER CURIAM:* El 13 de octubre de 1953 Porfirio Ramírez Ramírez inició en el Tribunal Superior, Sala de Mayagüez, pleito en cobro de cantidad, según los términos de un contrato de seguro contra incendio celebrado con la aquí peticionaria. Emplazada el 29 del mismo mes, interpuso ésta el 15 de enero de 1954—representada por el abogado Pedro Nelson Colberg—moción para desestimar que fué declarada sin lugar el 2 de febrero siguiente, concediéndose a la demandada un término de diez días para contestar la demanda.

El 8 de marzo de 1954, no habiendo contestado la demandada, solicitó y obtuvo el demandante la anotación de la rebeldía. El 3 de mayo siguiente el Tribunal, a moción de la demandada presentada el 29 de abril, dejó sin efecto la rebeldía anotada, y admitió la contestación sometida. En su moción, la demandada adujo, entre otros fundamentos, el siguiente:

"Que el abogado Pedro Nelson Colberg es además legislador y miembro de la Comisión de Hacienda y de otras comisiones permanentes de la Cámara de Representantes, la cual está en sesión, y ha tenido un intenso y laborioso trabajo en dicho cuerpo legislador, lo que le ha ocupado gran parte de su tiempo hábil para atender debidamente este caso."

Seguidamente de lo arriba transcrito expuso:

"Que se ha unido en este caso al Lic. Manuel Abréu Castillo con el fin de que éste, en unión al abogado Pedro Nelson Colberg, den-debida atención y diligencia a la tramitación total de este caso."

En la referida moción, que fué preparada en "San Juan para Mayagüez, Puerto Rico . . .", y suscrita por el abogado Abréu Castillo, se consignan los nombres de ambos letrados, y debajo se hace constar "Abogados de la Demandada, Apartado 4646, San Juan, P. R." Lo mismo se hizo constar en la contestación.

El 7 del mismo mes de mayo el Secretario notificó la orden contentiva del señalamiento del juicio en dicho caso para el 2 de junio siguiente a las 9:00 A.M.—y de una conferencia anterior al juicio para el 24 de dicho mes de mayo a las 2:00 P.M.—al abogado "Pedro N. Colberg, Cabo Rojo, P. R."

El 8 de junio de 1954, luego de pasada la prueba del demandante, el tribunal a quo dictó sentencia declarando con lugar la demanda. Al comenzar su "Relación del Caso y Conclusiones", dicho tribunal hizo constar lo siguiente: "Este caso se llamó para juicio el día 2 de junio corriente habiendo comparecido únicamente el demandante asistido de su abogado Felipe Marchand González. La demandada no compareció en

forma alguna no obstante haber sido notificada en tiempo y forma del señalamiento para juicio". Dicha sentencia fué en esa misma fecha notificada a la demandada "p/c de su abogado, Lcdo. Pedro Nelson Colberg, Cabo Rojo, Puerto Rico".

Al siguiente día, 9 de junio, el abogado Pedro Nelson Colberg, en representación de la demandada, solicitó del tribunal que dejara sin efecto la vista celebrada en el caso y la sentencia dictada, exponiendo en su moción al efecto lo siguiente:

"Que el abogado de la demandada y que suscribe esta Moción es Representante a la Cámara de Representantes de la Legislatura de Puerto Rico y durante las últimas tres semanas de la Sesión Ordinaria de la Asamblea Legislativa el abogado que suscribe estuvo atendiendo y considerando legislación fundamental del Gobierno de Puerto Rico y durante ese tiempo no vino al pueblo de Cabo Rojo donde tiene su residencia, pues la Legislatura de Puerto Rico en ese tiempo trabajó los siete días de la semana.

"Que la notificación tanto del señalamiento para la vista preliminar como para la vista del caso fueron dirigidas a Cabo Rojo y el abogado que suscribe no tuvo conocimiento de estos señalamientos por estar en San Juan como antes se ha expresado."

La referida moción fué declarada sin lugar por el tribunal recurrido. Para revisar dicha actuación expedimos, a solicitud de la demandada, el auto de *certiorari*. La Regla 11 de las de Enjuiciamiento Civil dispone, en parte que "Toda alegación de una parte representada por abogado será firmada por lo menos por un abogado de récord con su propio nombre, expresando su dirección". En este caso, según aparece de la moción de 29 de abril por la que la demandada pidió se dejara sin efecto la anotación de la rebeldía, el abogado de récord hasta entonces, Pedro Nelson Colberg, compareció juntamente con el abogado Manuel Abréu Castillo, y ambos informaron al tribunal que éste último se había unido al caso para, en unión al abogado Colberg, dar "debida atención y diligencia a la tramitación total de este caso".

Como indicamos antes, ambos abogados expresaron su dirección "Apartado 4646, San Juan, P. R.", y la moción

aparece radicada en "San Juan para Mayagüez . . .". Ya dijimos que iguales detalles aparecen de la contestación sometida con dicha moción.

El abogado Pedro Nelson Colberg es miembro de la Asamblea Legislativa que estuvo reunida en sesión hasta el 31 de mayo de 1954. Debido a su labor como Legislador y miembro de la Comisión de Hacienda y de otras comisiones permanentes de la Cámara de Representantes estimó—por lo ya ocurrídole al no contestar la demanda oportunamente y anotársele la rebeldía—que para poder dar la debida atención al litigio que nos ocupa, dadas las ocupaciones que él personalmente como miembro de la Asamblea Legislativa venía obligado a atender, era prudente unir a otro abogado al caso. Fué una actuación previsora y encomiable.

Una vez informado el tribunal de la dirección que para ese pleito específico ambos abogados consignaron en sus escritos, era deber del Secretario notificar cualquier orden ulterior— como la del señalamiento para el juicio—a la dirección de dichos abogados en San Juan. La notificación del señalamiento para juicio, hecha al abogado Colberg en Cabo Rojo, no fué bajo las circunstancias que aquí concurren, una notificación eficaz. La afirmación de dicho abogado de que no tuvo conocimiento de dicho señalamiento por no haber ido a su bufete en Cabo Rojo durante las últimas tres semanas del mes de mayo, debido a sus ocupaciones en San Juan en el período final de la sesión de la Asamblea Legislativa—afirmación que no fué desvirtuada—constituía fundamento suficiente para que el tribunal dejara sin efecto la sentencia dictada y la vista celebrada y señalara el caso nuevamente para juicio.

En justicia al juez sentenciador, debemos apuntar que un error del Secretario en la notificación del señalamiento para juicio le llevó a celebrar éste sin la comparecencia de la demandada y a dictar sentencia en su contra. Bajo las circunstancias consideradas, resolvemos que *debe dejarse sin efecto dicha sentencia, debiendo citarse a las partes para celebración del juicio en este caso.*